IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BRANDON PERRY, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | No. 3:19-cv-01506-C (BT) |
| | § | |
| DALLAS COUNTY JAIL FACILITY, | § | |
|     Defendant. | § | |

# FINDINGS, CONCLUSIONS, AND RECOMMENDATION
# OF THE UNITED STATES MAGISTRATE JUDGE

Before the Court is Plaintiff Brandon Perry's *pro se* civil rights case. For the following reasons, the Court should dismiss Plaintiff's case under Fed. R. Civ. P. 41(b).

I.

Plaintiff, an inmate in the Dallas County jail, and others filed a putative class action pursuant to 42 U.S.C. § 1983, alleging the Dallas County jail is violating their rights by segregating inmates into housing units based on race. The Court determined Plaintiff and the other inmates should not be allowed to proceed as a class and ordered that the case be severed into individual actions to allow each inmate to represent himself. The Court further ordered each individual plaintiff to pay the $400.00 filing fee or file a motion to proceed *in forma pauperis*. Plaintiff did not pay the filing fee; nor did he file a motion to proceed *in forma pauperis*. On June 25, 2019, the

1

Court sent Plaintiff a notice of deficiency reminding him to pay the filing fee or a motion to proceed *in forma pauperis*. On July 23, 2019, the Court's Order to Sever was returned to the Court because Plaintiff is no longer incarcerated in the Dallas County jail. Plaintiff has not provided the Court with any forwarding or alternate address.

## II.

Rule 41(b) of the Federal Rules of Civil Procedure allows a court to dismiss an action *sua sponte* for failure to prosecute or for failure to comply with the federal rules or any court order. *Larson v. Scott,* 157 F.3d 1030, 1031 (5th Cir. 1998). "This authority [under Rule 41(b)] flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash, R.R. Co.*, 370 U.S. 626 (1962)). Here, the Court entered an order requiring Plaintiff to pay the filing fee or file a motion to proceed *in forma pauperis*. However, Plaintiff has failed to provide the Court with a current address, so the Court is unable to communicate with him and advise him of the requirement to pay the fee or file an appropriate motion. This litigation cannot proceed until Plaintiff provides the Court with his current address. Accordingly, the complaint should be dismissed for want of prosecution under Fed. R. Civ. P. 41(b).

III.

Plaintiff's complaint should be dismissed without prejudice for want of prosecution under Fed. R. Civ. P. 41(b).

Signed July 30, 2019.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).